UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNA KAYE JORDAN,

    Plaintiff,

v.                                  Case No.:  3:23-cv-97-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff Donna Kaye Jordan seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A.**    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on August 25, 2020, alleging disability beginning on May 29, 2020. (Tr. 73, 206-13). The applications were denied initially and on reconsideration. (Tr. 73, 85). Plaintiff requested a hearing, and on June 7, 2022, a hearing was held before Administrative

Law Judge Yelanda Collins ("ALJ"). (Tr. 34-53). On July 18, 2022, the ALJ entered a decision finding Plaintiff not under a disability from May 29, 2020, through the date of the decision. (Tr. 89-103).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on November 28, 2022. (Tr. 1-6). Plaintiff filed a Complaint (Doc. 1) on January 26, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 12).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2025. (Tr. 93). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 29, 2020, the alleged onset date. (Tr. 93). At step two, the ALJ found that Plaintiff had the following severe impairments: "obesity, status post right shoulder rotator cuff repair and supraspinatus impairment, fibromyalgia ("FM"), bilateral carpal tunnel syndrome ("CTS"), degenerative joint disease ("DJD") of the knees, cervicalgia, stenosis of the cervical spine, facet arthropathy and hypertrophy of the lumbar spine, and diaphragm paralysis on the right side." (Tr. 93). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 95).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) except she can occasionally push/pull with the bilateral upper extremities; occasionally reach overhead with the right upper extremity; frequently reach, handle, and finger bilaterally; occasionally climb ramps/stairs, balance, stoop, kneel, and crouch; never climb ladders, ropes, or scaffolds; and never tolerate exposure to hazards such as heights and moving mechanical parts.

(Tr. 96).

At step four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a prisoner classification interviewer as she actually performed it and as it was generally performed. (Tr. 102-103). The ALJ also found that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 102). The ALJ concluded that Plaintiff had not been under a disability from Mary 29, 2020, through the date of the decision. (Tr. 103).

## II.    Analysis

On appeal, Plaintiff raises the following issues:

(1)   Whether the ALJ erred in evaluating Dr. Innocent-Simon's opinion; and

> (2) Whether the ALJ erred in considering Plaintiff's subjective complaints concerning her fibromyalgia.

(Doc. 17, p. 2, 21). The Court begins with the second issue concerning Plaintiff's fibromyalgia.

### A. Subjective Complaints

Plaintiff contends that the ALJ did not properly consider Plaintiff's subjective complaints especially as they relate to her fibromyalgia condition. (Doc. 17, p. 21-25). Plaintiff claims that the ALJ disregarded Plaintiff's subjective complaints as neither consistent with the objective medical evidence nor consistent with her conservative treatment. (Doc. 17, p. 22). But these reasons Plaintiff argues, do not satisfy legal authority on how an ALJ must consider fibromyalgia. (Doc. 17, p. 22). Plaintiff argues that the ALJ failed to recognize that an impairment of fibromyalgia may lack any objective testing to assess its severity and may also lack any aggressive treatment. (Doc. 17, p. 22).

The Commissioner contends that substantial evidence supports the ALJ's findings on Plaintiff's subjective complaints. (Doc. 19, p. 12-17). The Commissioner explains that the ALJ acknowledged and summarized Plaintiff's complaints of pain with respect to her fibromyalgia as well as other conditions and considered Plaintiff's treatment for pain with medication. (Doc. 19, p. 13, 16). The Commissioner also explains that the ALJ found objective medical evidence did not support the intensity and persistence of Plaintiff's complaints. (Doc. 19, p. 12-14).

As to fibromyalgia, the Commissioner argues that the ALJ acknowledged Plaintiff's memory issues that she attributed to her fibromyalgia, but the ALJ explained that despite these complaints, a head CT and EEG findings were unremarkable, and her mental status and neurological examinations findings were normal. (Doc. 19, p. 15). In sum, the Commissioner contends that "Plaintiff primarily noted Plaintiff's reports of fatigue, pain, and mental impairment, but the ALJ discussed these complaints at length and explained why the complaints were not supported by the objective medical evidence, Plaintiff's treatment history, or her daily activities." (Doc. 19, p. 16-17). Thus, the Commissioner argues that substantial evidence supports the ALJ's decision. (Doc. 19 p. 17).

Generally, a claimant may establish that she is disabled through her own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the

claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

As to fibromyalgia, this condition is "characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissue that has persisted for at

least 3 months. SSR 12-2p, 2012 WL 3104869, *2 (July 25, 2012). The Eleventh Circuit has recognized that fibromyalgia is a unique impairment because it "'often lacks medical or laboratory signs and is generally diagnosed mostly on a[n] individual's described symptoms.'" *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863 (11th Cir. 2017) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "Because the 'hallmark' of fibromyalgia is a 'lack of objective evidence,' a claimant's subjective complaints may be the only means of determining the severity of the claimant's condition and the functional limitations she experiences." *Id.* (citing *Moore*, 405 F.3d at 1211). An ALJ's decision is subject to reversal when the ALJ relies on lack of objective findings as a basis for an adverse decision. *Id.*

The Social Security Administration promulgated SSR 12-2p to provide guidance on how to determine whether a person has a medically determinable impairment of fibromyalgia and how it will evaluate this impairment in a disability claim. SSR 12-2p, 2012 WL 3104869 (July 25, 2012); *Francis v. Saul*, No. 8:18-cv-2492-SPF, 2020 WL 1227589, *3 (M.D. Fla. Mar. 13, 2020). The ruling informs ALJs in how to consider fibromyalgia in the five-step process. SSR 12-2p, 2012 WL 3104869 (July 25, 2012).

The ruling requires an ALJ to consider all relevant evidence in the case and all of a claimant's medically determinable impairments, including those that are not

severe when making an RFC determination. SSR 12-2p at *6. "For a person with fibromyalgia, an ALJ must consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" *Id.* An ALJ must consider widespread pain and other symptoms associated with fibromyalgia such as fatigue that may result in exertional and non-exertional limitations, which prevent a person from doing a full range of unskilled work. *Id.* If the objective medical evidence does not support a claimant's statements about the intensity, persistence, and functionally limiting effects of symptoms, then an ALJ must consider a claimant's daily activities, medications, or other treatments the person uses or used to alleviate symptoms, the nature and frequency of a claimant's attempt to obtain medical treatment for the symptoms, and statements by other people about the claimant's symptoms. *Id.* at *5.

At step two in the decision, the ALJ found fibromyalgia, along with other conditions, were severe impairments. (Tr. 93). By making this finding, the ALJ also found that fibromyalgia "significantly limit[s] the ability to perform basic work activities as required by SSR 85-28." (Tr. 93). The ALJ included a lengthy summary of SSR 12-2p. (Tr. 95-96). At the end of the summary, the ALJ found "[t]he evidence shows a diagnosis of FM [fibromyalgia] with widespread pain and treatment. The undersigned finds this is a severe impairment." (Tr. 96). When considering Plaintiff's subjective complaints, the ALJ found that Plaintiff's medically

determinable impairments could reasonably be expected to cause the alleged symptoms, but Plaintiff's statements about the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 98).

Despite finding fibromyalgia a severe impairment, the ALJ only mentioned fibromyalgia a few times in the decision. The ALJ noted that the evidence showed that Plaintiff had chronic pain with various diagnoses, including fibromyalgia. (Tr. 98). The ALJ discussed Plaintiff's hand, shoulder, knee, and hip pain as well as memory issues, but did not report that the pain or memory issues related to fibromyalgia. (Tr. 99). The ALJ also noted:

> The evidence shows this claimant has received conservative management of pain complaints related to various diagnosis of the cervical and lumbar spine and various tender points related to fibromyalgia. The imaging revealed mild only stenosis of the cervical spine, minor spurring of the thoracic spine, and moderate facet arthropathy of the lumbar spine. The evidence shows normal gait, negative straight leg raise, and no significant weakness despite clinical findings of tenderness and decreased range of motion of the spine. she has been maintained with conservative treatment, and there is no evidence that any more invasive treatment is indicated. (Exhibits 5F-6F, 8F, 10F-11F, 20F, 29F-32F) These impairments are adequately accounted for in the RFC with postural limitations and restrictions.

(Tr. 101-102).

The ALJ determined that Plaintiff's complaints related to her fibromyalgia were accounted for in the RFC. (Tr. 102). Yet in reaching this conclusion, the ALJ

relied on conservative management of pain complaints, objective imaging tests, and objective clinical examinations. (Tr. 101-102). For fibromyalgia, Plaintiff was treated with pain management that included medications. The ALJ cited no records showing that more than this type of treatment was necessary or helpful, especially any type of invasive treatment. Further, the ALJ improperly relied mainly on objective imaging and clinical examinations to find Plaintiff's subjective statements of the intensity, persistency, and limiting effects of her fibromyalgia symptoms were inconsistent with objective imaging and clinical examinations. The ALJ did not properly consider Plaintiff's subjective complaints as they relate to her fibromyalgia under SSR 12-2p. For these reasons, the decision must be remanded.

    **B.**    **Remaining Issue**

Plaintiff also raises the issue of whether the ALJ erred in evaluating Joelle Innocent-Simon, D.O.'s opinions. (Doc. 17, p. 2). Because this action is remanded to reconsider Plaintiff's fibromyalgia, the Commissioner is directed to reevaluate Dr. Innocent-Simon's records and opinions, along with all of the medical and other evidence of record.

**III.**    **Conclusion**

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's

fibromyalgia condition, and reconsider the opinions and medical records of Dr. Innocent-Simon, along with all of the medical and other evidence of record. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on December 21, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties